1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

9
10

11    ZENA HASSAN IBRAHEM,

12                          Plaintiff,

13

14        v.

15

16

17    MICHAEL CHERTOFF, et al.,

18                      Defendants.

19
20

CASE NO: 06-CV-2097 W(LSP)

**ORDER REMANDING ACTION TO THE DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP & IMMIGRATION SERVICES**

21       On September 28, 2006, Plaintiff filed a complaint to review her application for

22 naturalization because 120 days had elapsed since she was examined by the Department

23 of Homeland Security.  The Court **REMANDS** this matter to the Department of

24 Homeland Security, Citizenship & Immigration Services (CIS) with instructions to

25 grant or deny the application under § 1446(e) within 90 days.

26       Under 8 U.S.C. § 1446, CIS may examine any applicant for naturalization.

27 Section 1447(b) provides CIS 120 days from the examination date to grant or deny the

28 application.  Additionally, "the court has the last word by exercising exclusive

jurisdiction over those naturalization applications on which the [CIS] has failed to act in a timely fashion." United States v. Hovsepian, 359 F.3d 1144, 1162 (9th Cir. 2004). Section 1447(b) gives the court jurisdiction either to set a hearing to determine the application itself, or to remand to CIS with appropriate instructions.

According to the Complaint, Plaintiff filed an application for naturalization under 8 U.S.C. §1421 in approximately August 2005. (Compl. ¶ 4.) On January 12, 2006, Plaintiff was examined by Defendant (Compl. ¶ 5), who informed Plaintiff that she had passed the English and History tests "and that she would receive a decision once certain 'security' checks had been received." (Compl. ¶ 6.) As of September 28, 2006, Defendant had not made a decision on Plaintiff's application.

The vast majority of courts have held that the 120 day clock begins to tick on the interview date, not at the end of the entire "examination process." E.g., Said v. Gonzales, No. C06-986P, 2006 WL 2711765, at *1 (W.D. Wash. Sept. 21, 2006) (citing cases). But see Danilov v. Aguirre, 370 F. Supp. 2d 441, 443 (E.D. Va. 2005). The Court agrees that the "examination" mentioned in §1447(b) refers to the initial interview, not the entire examination process. Thus, the Court has subject matter jurisdiction over the case because the 120 day period expired in May 2006.

Plaintiff is entitled to a timely hearing on her petition in accordance with the procedure described in § 1446. However, the most recent amendments to § 1447 suggest a congressional preference favoring CIS determinations where possible. Indeed, CIS is in a better position than this Court to conduct necessary background checks and interpret the results. See Kelifa v. Chertoff, 433 F. Supp. 2d 836, 842 (E.D. Mich. 2006). Because the statutory language gives the Court discretion on whether to set a hearing or remand with appropriate instructions to CIS, the Court elects to remand to CIS. Remand is consistent with the general rule that courts "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." INS v. Ventura, 537 U.S. 12, 16 (2002).

The Court, however, recognizes that further delay would seriously compromise

Plaintiff's right to a timely determination of her application.  The Court must exercise its discretion in favor of the applicant, so as not to add to the requirements for naturalization.  <u>In re Kullman</u>, 87 F. Supp. 1001, 1003 (W.D. Mo. 1949).  Thus, the Court finds it appropriate to impose a 90 day time limit for final CIS action.

Accordingly, this action is **REMANDED** to the Department of Homeland Security, Citizenship & Immigration Service for a timely determination of Plaintiff's application for naturalization.

**IT IS SO ORDERED.**

DATED:  October 13, 2006

_____
Hon. Thomas J. Whelan
United States District Judge